PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Permanently Resign Pending Disciplinary Proceedings, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states as follows:
1. The [respondent] is sixty-four (64) years of age and has been a member of The Florida Bar since 1953 although he has not practiced law for more than thirty (30) years.
2. The [respondent] is subject to the jurisdiction and disciplinary rules of this Honorable Court.
3. That undersigned [respondent] was named as a principal and co-conspirator in a federal indictment filed in the United States District Court, Southern District of Florida in Case No. 83-754-Cr-EBD. The Indictment alleged, inter alia, [respondent’s] complicity and involvement in committing offenses against the United States of America, to wit: use of the mails, and transmissions by interstate wire communications of certain matters in furtherance and in execution of a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises; all in violation of Title 18, United States Code, Sections 2, 371, 1341 and 1343. ...
4. That on or about April 9, 1985, [respondent] was adjudicated guilty as to one (1) count of conspiracy to commit mail fraud in violation of Title 18, United States Code, Section 371; and eight (8) counts of mail fraud in violation of Title 18, United States Code, Section 1341. [Respondent] was sentenced to serve two (2) years as to seven (7) of the counts, said sentences to run concurrently with one another. As to one of the two (2) remaining counts, [respondent] was placed on probation for a period of one (1) year, to commence on the date of the Order. As to the final count, [respondent] was placed on probation for a period of four (4) years to commence upon his release from incarceration....
5. On August 12, 1985, the Supreme Court of Florida suspended the undersigned [respondent] because of the foregoing felony convictions.
6. The [respondent] was confined at Eglin Air Force Base, Florida, from May 24, 1984, and was transferred to a halfway house during June 1986. He hopes to be released on or about October 1986.
7. During World War II the [respondent] was awarded the Silver Star for gallantry in action while a member of the United States Army.
8. The offenses of which the [respondent] was convicted did not involve an attorney/client relationship.
9. That the offenses of which [respondent] was convicted constitute violations of the following Disciplinary Rules of the code of Professional Responsibility: DR1-102(A)(3) (illegal conduct involving moral turpitude); and DR1-102(A)(6) (conduct that adversely reflects on the fitness to practice law).
10. That [respondent] hereby acknowledges that there is no legitimate basis to maintain confidentiality in this matter and hereby acknowledges his waiver of same.
11. The undersigned understands that this petition is submitted without *1347 leave to apply for readmission to The Florida Bar. Furthermore, if this petition should be approved, the [respondent] acknowledges his understanding that this petition shall not be the subject of future modification or revocation.
12. That the granting of the instant petition will cause no harm to either the public or to the administration of justice.
The Florida Bar having now filed its response supporting the Petition for Leave to Permanently Resign Pending Disciplinary Proceedings, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Permanently Resign is hereby approved effective immediately.
It is so ordered.
McDonald, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.